UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTHONY B. HODGES,

    Petitioner,

v.                                           CASE NO. 5:10-cv-00369-Oc-10TBS

WARDEN, FCC Coleman USP I

    Respondent.
_____/

## ORDER

Anthony B. Hodges ("Petitioner"), an inmate currently incarcerated at the Coleman Federal Correctional Complex in Coleman, Florida, filed a petition for writ of habeas corpus and a supplemental memorandum of authority pursuant to 28 U.S.C. § 2241 (Doc. 1, 8 filed August 9, 2010, October 18, 2010). Petitioner argues that his sentence for knowingly possessing a firearm as a convicted felon was improperly enhanced under the Armed Career Criminal Act at his 2005 sentencing because a subsequent United States Supreme Court decision has determined that one of the underlying convictions used to do so was not a qualifying predicate felony for enhancement. Respondent filed a response to the petition (Doc. 11, filed November 10, 2010). Petitioner filed a reply and a supplemental reply (Doc. 12, 13, filed November 26, 2010, March 16, 2011).

Upon due consideration, the Court determines that the petition is due to be dismissed as an improper filing under § 2241. If the petition were not due to be dismissed, it would fail on the merits.

I.    **Background**

On March 4, 2005, Petitioner was indicted for possession of a firearm as a convicted

felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (SDFL Case No. 9:05-cr-80024-WJZ).[1] The government filed notice that, based on Petitioner's criminal history, he qualified for the enhanced penalty provisions of 18 U.S.C. § 924(e) (commonly referred to as the "Armed Career Criminal Act" or "ACCA") (Cr. Doc 29). A jury trial was held on June 27-28, 2005, and Petitioner was found guilty (Cr. Doc. 32, 35). Petitioner was sentenced to 192 months in prison, three years of supervised release, and a special assessment of $100.00 (Cr. Doc. 38). Petitioner's ACCA enhancement was based upon three prior qualifying convictions: (1) an October 13, 1993 conviction for aggravated assault; (2) a February 17, 2000 conviction for possession of cocaine with intent to sell within 200 feet of a public housing facility; and (3) an October 20, 2003 conviction for battery on a person 65 years or older (Cr. Doc. 29); *United States v. Hodges*, 186 Fed. Appx. 959, 960 (11th Cir. 2006).[2]

Petitioner appealed his sentence, arguing that the statutory mandatory-minimum sentence of § 924(e)[3] violated the law announced in *United States v. Booker*, 543 U.S. 220 (2005) and that his constitutional rights were violated when the district court sentenced him under the enhanced penalties of the ACCA using prior convictions that were not alleged in an indictment or proven to a jury. The Eleventh Circuit affirmed. *Hodges*, 186 Fed. App. at 960. Petitioner then sought collateral relief under 28 U.S.C. § 2255, arguing in part that his sentenced was enhanced under the ACCA on the basis of state convictions that were

---

[1] Cr. Case No. 9:05-cr-800240WJZ will be referred to as "Cr. Doc."

[2] To qualify for an ACCA enhancement, Petitioner must have been convicted of three or more violent felonies or serious drug offenses as defined under the ACCA. 18 U.S.C. § 924(e).

[3] The statutory maximum sentence for possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is ten years. *See* 18 U.S.C. § 924(a)(2). However, Congress legislated in the Armed Career Criminal Act of 1984, that a statutory *minimum* sentence of 15 years of imprisonment is mandatory if a felon convicted of a possession of a firearm also has three or more prior "violent felony" or "serious drug offense" convictions. *See* 18 U.S.C. § 924(e).

2

constitutionally invalid (SDFL Case No. 9:08-cv-80014-WJZ, Doc. 1). The § 2255 motion was denied (SDFL Case No. 9:08-cv-80014-WJZ, Doc. 14, 16).

The instant § 2241 petition was filed on August 9, 2010. In the petition, Petitioner claims that the Government used a non-qualifying prior conviction to qualify him for career offender status under the ACCA. Specifically, Petitioner argues that, pursuant to *Johnson v. United States*, 130 S.Ct. 1265 (2010), his 2003 conviction for battery on a person 65 years or older, a third degree felony, no longer qualifies as a violent felony. Thus, he alleges, he was improperly sentenced as a career offender (Doc. 1 at 3, 7). Respondent contends that Petitioner cannot use the savings clause of § 2255(e) to bring his claim in a § 2241 petition (Doc. 11 at 6-10). Respondent also argues that Petitioner's claim fails on the merits because, even when considering the opinion in *Johnson*, his battery conviction was actually a "violent felony" for purposes of enhancement under 18 U.S.C. § 924(e) (Doc. 11 at 11-12).

## II.    Discussion

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner challenges the validity of his sentence because he claims it was improperly enhanced. Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Because Petitioner's previous § 2255 motion was denied by "the court which imposed [his] sentence," Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); *Darby v. Hawk–Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a

3

prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission ... before filing a successive § 2255 motion").

Because Petitioner is barred from filing this motion under § 2255, he filed his petition for habeas corpus pursuant to 28 U.S.C. § 2241. However, § 2255(e) expressly limits the circumstances under which a federal prisoner may file such a petition. Petitioner argues that he is entitled to file a § 2241 petition because the savings clause provision of § 2255(e) applies to the instant case.

### A. Application of the Savings Clause

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention***.

28 U.S.C. § 2255(e) (emphasis added). In *Wofford v. Scott*, the Eleventh Circuit interpreted this provision to mean that the savings clause applies when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. 177 F.3d 1236, 1244 (11th Cir. 1999). All three *Wofford* requirements must be met to utilize the savings clause to seek habeas relief.

See *Dean v. MacFadden*, 133 Fed. Appx. 640, 642 (11th Cir. 2005).[4] Once the savings clause of § 2255(e) applies to open the portal to a § 2241 proceeding, the proper inquiry is whether the petitioner can establish actual innocence of the crime for which he has been convicted. *Wofford*, 177 F.3d at 1244 n.3.

Under these requirements, the only sentencing claims in the Eleventh Circuit "that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Wofford*, 177 F.3d at 1245; *see also Edwards v. Warden, FCC Coleman–Medium*, 432 Fed. Appx. 897, 899 (11th Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentence claims.").

Petitioner has the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of a motion brought under § 2255. *Gaines v. Warden, FCC Coleman USP 1*, 380 Fed. Appx. 812, 814 (11th Cir. 2010) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

### 1. *Johnson v. United States*

Petitioner cites *Johnson v. United States*, 130 S.Ct. 1265 (2010) as a retroactively applicable Supreme Court decision which determined that the Florida felony offense of battery was not a violent felony under the physical force subdivision of the ACCA (Doc. 1 at 7, Doc. 8 at 3).[5]

---

[4] This is an unpublished decision and is persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36–2. The Court notes this same rule applies to other Fed. Appx. cases cited herein.

[5] The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year" that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves the use of explosives, or

5

As an initial matter, Petitioner fails to establish *Johnson's* retroactive applicability. Petitioner argues, and Respondent concedes, that *Johnson* applies retroactively to cases on collateral attack (Doc. 11 at 7). This Court cannot agree. In general, decisions that establish new rules of law are not applied retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303, 310–11 (1989); *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001) ("a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). Nothing in *Johnson* suggests that the Supreme Court made the decision retroactively applicable to cases on collateral review, and the district courts have not recognized the decision as retroactive. *See Smith v. United* States, 2012 WL 868888 at *2 (M.D. Fla. 2012, March 14, 2012) ("[N]either the Supreme Court nor the Eleventh Circuit has made Johnson retroactively applicable on collateral review.); *Crawford v. United States*, 2011 WL 3702664, at *2 (M.D.Fla. Aug.23, 2011); *Crawford v. United States*, 2011 WL 5529930, at *2 (M.D.Fla. Nov.14, 2011) (denying petitioner's motion for reconsideration because, *inter alia*, petitioner had not shown that *Johnson* applies retroactively); *Mendez v. United States*, 2011 WL 5555876, at *4 (M.D.Fla. Oct. 27, 2011) (finding that *Johnson* provided petitioner with no relief either as to his substantive claim or to his assertion of a later starting date for the statute of limitations); *but see Reese v. Haynes,* 2011 WL 3704941, at *3 n. 3 (S.D.Ga. June 27, 2011) (noting that *Johnson* is retroactively applicable but providing no analysis); *Taylor v. Haynes*, at *2 (S.D.Ga. June 16, 2011) (government conceding that *Johnson* is retroactively applicable); *Dotson v. Haynes*, 2011 WL 3348044, at *2 (S.D.Ga. June 14, 2011)

---

otherwise involves conduct that presents a serious risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (2011).

(same). Therefore, Petitioner's claim does not satisfy the first prong of *Wofford*.

Even assuming, without deciding, that *Johnson* is meant to be a retroactive decision, Petitioner's reliance on *Johnson* is misplaced. The core assertion in Petitioner's motion is that he is actually innocent of the ACCA sentencing enhancement because *Johnson* removes his October 20, 2003 conviction for battery on a person aged 65 or older from consideration as a violent felony. Petitioner misreads the *Johnson* holding.

In *Johnson*, the Supreme Court determined that in order for a crime to be a violent felony, it must involve "violent force," defined by the Court as "force capable of causing physical pain or injury to another." *Johnson*, 130 S.Ct. at 1271. The Court concluded that because criminal liability under Florida Statute § 748.03(1)(a) is satisfied by *any* intentional physical contact, no matter how slight, physical force is not automatically an element of § 748.03, as required by the ACCA definition of "violent felony." Therefore, battery under § 748.03(1) is not a "categorically" violent crime. *Johnson*, 130 S.Ct. at 1269–71. However, the Supreme Court did not preclude the use of a battery conviction from consideration as a violent felony if the defendant did indeed use violent force in committing the battery. Rather, the Supreme Court merely determined that a court must use a "modified categorical approach" to determine which statutory phrase was the basis for the conviction by consulting the trial record – including charging documents, plea agreements, transcripts, etc. *Johnson*, 130 S.Ct. at 1273 (citing to *Nijhawan v. Holder*, 557 U.S. 29 (2009)). Likewise, if a Pre-sentence Report ("PSI") prepared for the district court includes a description of the facts underlying the state-court offense, and the description is not challenged by the defendant, the facts contained therein may be considered by the district court also. *See United States v. Wade*, 458 F.3d 1273, 1278 (11th Cir.2006); *United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009);

*United States v. Bennett*, 472 F.3d 825, 832–34 (11th Cir. 2006).[6]

## 2. Petitioner's Battery Conviction

Under Florida law, a battery occurs when a person "actually and intentionally touches or strikes another person against the will of the other or [i]ntentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a)(1)-(2). Ordinarily a Florida conviction for simple battery is a first-degree misdemeanor, but was a felony conviction for Petitioner because the battery was committed upon a person aged 65 years or older. Fla. Stat § 784.08(2)(c) (2003). As noted in *Johnson*, battery under § 784.03(1) does not necessarily constitute a violent felony under the physical force subdivision of the ACCA because the statute covers both violent force and mere unwanted physical contact. 130 S. Ct at 1273. However, using the modified categorical approach, the facts set forth in Petitioner's PSI in support of Petitioner's battery conviction clearly establish that it was a felony that presented "a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The PSI indicates that, after Petitioner's 76 year old grandmother told him that she wanted him to move out of her home, Petitioner picked up a baseball bat and threatened her with it. He then pushed her down on the front porch, causing her to land on her back. A witness heard Petitioner threaten to kill his grandmother and also saw Petitioner push her down (PSI at ¶ 29, filed November 17, 2010).

---

[6]Petitioner appears to argue that, because the relevant facts regarding his arrest for battery on a person aged 65 or older in his PSI were originally taken from "non-*Shepard* approved" documents (the police report of his crime), these facts are immunized from consideration in determining whether his underlying felony was a proper predicate crime of violence under the ACCA. This is incorrect. Petitioner relies on the Supreme Court holding in *Shepard v. United States* which determined that a sentencing court may not look to police reports to determine the facts of a prior conviction. 544 U.S. 13, 26 (2005). However, it is a long standing principle in the Eleventh Circuit that a defendant's failure to object to statements in the PSI renders those statements undisputed and permits the sentencing court to rely upon them, even in the absence of supporting evidence. *United States v. Hedges*, 175 F.3d 1312, 1315 (11th Cir. 1999); *United States v. Hinds*, 435 Fed. Appx. 832, 838 (11th Cir. 2011) (a court may rely on undisputed statements in the PSI). At sentencing, Petitioner did not object to the factual statements in the PSI concerning his conviction for battery on a person aged 65 or older and they are deemed admitted (Doc. 11-1).

The Court finds that the evidence of record demonstrates that Petitioner's conviction for battery on a person aged 65 or older was a crime of violence pursuant to 18 U.S.C. § 924(e)(2)(B)(ii). As this offense constitutes a "violent felony," and Petitioner has two other predicate felonies that he does not contest, even if *Johnson* had been on the books when Petitioner was sentenced, he was properly sentenced as an armed career criminal. Moreover, the determination by the sentencing court that Petitioner qualified as an armed career criminal for sentencing purposes was not a finding of guilt and imprisonment for any "offense." Rather, Petitioner was imprisoned for the offense of which he was found guilty, possession of a firearm by a convicted felon, and there has been no intervening change in the law that made that offense nonexistent. As a result, the Supreme Court's decision in *Johnson* does not establish that Petitioner was convicted for a nonexistent offense, and this case does not meet the second prong of the *Wofford* requirements.

Because Petitioner has not satisfied the first two prongs of the *Wofford* test, *Johnson* does not open the door to relief under § 2241, and this claim does not fall within the ambit of the § 2255(e) savings clause.

### B. *Miscarriage of Justice Due to Actual Innocence*

Petitioner appears to argue that a manifest injustice exception regarding actual innocence should allow his § 2241 petition to go forward regardless of any procedural irregularities because he is actually innocent of the enhancement under 18 U.S.C. § 924(e) (Doc. 1 at 8; Doc. 8 at 7; Doc. 12 at 9). Because an actual innocence inquiry does not occur until after the savings clause opens the portal to a § 2241 proceeding, the actual innocence exception to the procedural default rule is not at issue.

### III. Conclusion

In sum, because Petitioner cannot satisfy the three-pronged test set forth in *Wofford*, the savings clause of § 2255(e) does not apply and Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. However, Petitioner has previously filed a § 2255 petition. Therefore, the instant action is a successive petition and this Court is without jurisdiction to consider it. Consequently, the instant petition must be dismissed. Moreover, because Petitioner has three qualifying felonies, he qualified for the ACCA sentencing enhancement, and if the petitioner were not due to be dismissed, it would fail on the merits.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Anthony B. Hodges is **DISMISSED** as an improper filing under § 2241.

2. The Court determines that, even if properly filed, the petition would fail on its merits.

3. The Clerk is directed to enter judgement against Hodges, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Ocala, Florida, this 2nd day of March 2012.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4 4/2
Anthony B. Hodges

10